FILED'11 APR 06 15:10USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE A. MENEFEE-ARELLANO,                    Civ. No. 10-27-AA

       Plaintiff,                           OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.
_____

AIKEN, Chief Judge:

    Plaintiff brings this action pursuant to the Social Security
Act, 42 U.S.C. § 405(g) to obtain judicial review of the
Commissioner's partial denial of her application for disability
insurance benefits (DIB).  Upon review of the record and the
parties' submissions, the decision of the Commissioner is reversed
and remanded for further administrative proceedings.

<u>DISCUSSION</u>

    Plaintiff applied for DIB on May 27, 2005, alleging disability

1 - OPINION AND ORDER

as of December 2002.  Tr. 17.  Plaintiff's application was denied
initially and on reconsideration, and she subsequently appeared and
testified before an administrative law judge (ALJ).  Tr. 48-50, 55-
59, 411-56.   On August 31, 2007, the ALJ issued a partially
favorable decision, finding that plaintiff was not disabled prior
to April 7, 2006 because she had skills transferable to other work
activity.   Tr. 17-30.   The ALJ further found that plaintiff's
skills were not transferable after April 7, 2006 and that she had
established disability under the Act as of that date.  Tr. 29-30.
Plaintiff  contends  that  the  ALJ's  conclusion  regarding  the
transferability of skills is not supported by substantial evidence
in the record, and that plaintiff should be found to have lacked
transferable skills prior to April 7, 2006 and disabled as of April
6, 2004, her fiftieth birthday.  Tr. 131 (reflecting birth date of
April 6, 1954).

     In finding plaintiff disabled after April 7, 2006, the ALJ
relied on the Medical-Vocational Guidelines (the grids), which
correlate a claimant's age, education, previous work experience and
skills, and residual functional capacity (RFC) to direct a finding
of either disabled or not disabled.  See 20 C.F.R. Part 404, Subpt.
P, App. 2.   Although an ALJ may rely on the grids if "they
completely and accurately represent a claimant's limitations,"
where a claimant suffers from  nonexertional impairments, such as
pain or postural limitations, the grids merely serve as a framework

2 - OPINION AND ORDER

and vocational testimony is required.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101-02 (9th Cir. 1999).  However, "where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner]."  <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1157 (9th Cir. 1989).

Based on plaintiff's age, education, and RFC limitation to sedentary work, plaintiff is considered disabled under the grids on or after April 6, 2004 (when plaintiff turned fifty years old) if she lacked skills that were transferable to a range of other work. 20 C.F.R. Part 404, Subpt. P, App. 2, § 201.14.  The ALJ found that plaintiff's skills were transferable prior to April 7, 2006 but not after that date.  Tr. 29.  However, the ALJ did not issue findings or explain why plaintiff's skills were transferable prior to April 7, 2006 or whether and to what extent plaintiff's age and her RFC affected the date on which her skills ceased to be transferable. Tr. 29-30.  Thus, I find that the ALJ erred.  <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1167 (9th Cir. 2008) (ALJ always has duty to make factual findings to support conclusions).

The Commissioner contends that any error by the ALJ is harmless, given testimony by the vocational expert that plaintiff's past relevant work required skills that could be transferred to other work.  Tr. 451.  Regardless, the vocational expert did not address the transferability of skills in the context of plaintiff's age and RFC or the time frame in which plaintiff's skills were

transferable.   Accordingly, I cannot find that the ALJ's failure
to make specific findings is harmless, when plaintiff could be
entitled to additional benefits if found to have lacked
transferable skills prior to April 7, 2006.

In turn, plaintiff argues that the ALJ's conclusion that
plaintiff lacked transferable skills after April 7, 2006, coupled
with the lack of findings or evidence to support transferability of
skills prior to April 7, 2006, warrants the finding by this court
that plaintiff should be found disabled under the grids as of April
6, 2004.  20 C.F.R. Part 404, Subpt. P, App. 2, § 201.14.  However,
such a finding and assessment of plaintiff's skills are not
appropriate for this court to make, given testimony by the
vocational expert that plaintiff possessed transferable skills at
some point.   It is the role of the ALJ, not this court, to make
such findings.   Carmickle, 533 F.3d at 1167 (without factual
findings by ALJ, "the court has no basis on which to review the
agency's decision").

Accordingly, I find that outstanding issues must be resolved
before a determination of disability prior to April 7, 2006 can be
made, and the case is remanded for further proceedings.  Harman v.
Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).   On remand, the ALJ
will review the record and make specific findings regarding the
transferability of plaintiff's skills and the ability of plaintiff
to perform other work activity prior to April 7, 2006.

4 - OPINION AND ORDER

CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act prior to April 7, 2006 is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 5th day of April, 2011.

_____
Ann Aiken
United States District Judge